UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIE PRICE, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-3573** |
| **NEW ORLEANS PARISH CRIMINAL SHERIFF** | **SECTION: "N"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Willie Price, Jr., a state prisoner, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against the "New Orleans Parish Criminal Sheriff." In this lawsuit, plaintiff asserts a variety of unrelated claims and requests $300,000,000.00 in damages.

### Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint is malicious if the claims asserted therein have already been asserted by the plaintiff in a pending or previous lawsuit against the same or different defendants. Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988). "When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple – but not more." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must

be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), cert. denied, 128 S. Ct. 1230 and 1231 (2008). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[1] the Court nevertheless finds that the complaint should be dismissed as frivolous, malicious, and/or for failing to state a claim on which relief may be granted.

## Failure to Protect

The first claim asserted is that, as a result of the guards' lack of training and the jail's inadequate administrative policies, plaintiff was not protected from an attack by a fellow inmate on August 22, 2007. That claim is prescribed.

"[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period. In Louisiana, that period is one year." Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) (citation omitted); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); Smith v. Orleans

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 (E.D. La. July 25, 2008); La. Civ. Code Ann. art. 3492. "Ordinarily, a cause of action under section 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Price v. City of San Antonio, Texas, 431 F.3d 890, 893 (5th Cir. 2005) (quotation marks omitted); see also Smith, 2008 WL 2951279, at *1.

Plaintiff's complaint was filed no earlier than April 27, 2009,[2] well over one year after his failure-to-protect claim accrued in 2007. Accordingly, that claim prescribed long before the instant lawsuit was filed. A complaint asserting prescribed claims is properly dismissed as frivolous. See, e.g., Brown v. Pool, 79 Fed. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Smith, 2008 WL 2951279, at *2; Francis v. United States, Civ. Action No. 07-1991, 2007 WL 2332322 (E.D. La. Aug. 13, 2007).

Excessive Force

Plaintiff's second claim is that he was the victim of police brutality at the hands of "New Orleans cops" in 2007. That claim fails for several reasons. First, plaintiff has not named a proper defendant with respect to the claim. Second, in any event, the alleged incident occurred in 2007 and, therefore, his excessive force claim was prescribed when this lawsuit was filed over one year later on April 27, 2009. Third, it appears that the claim is subject to dismissal as malicious, in that it is seemingly the same claim previously asserted by plaintiff in two prior lawsuits in this Court: Price

---

[2] A prisoner's complaint is considered "filed" when it is given to the prison authorities for mailing to the Clerk of Court. Cooper v. Brookshire, 70 F.3d 377, 378 (5th Cir. 1995). In the instant case, that date could not have been earlier than the date of the complaint was signed, April 27, 2009.

v. New Orleans Police Department, Civ. Action 09-2868 "N"(4), and Price v. New Orleans Police Department, Civ. Action No. 09-3241 "N"(4).[3]

## Overcrowding

Plaintiff's next claim is that he was placed with twelve other inmates in a cell meant to hold only ten prisoners. It appears that this claim is also prescribed, in that plaintiff indicates this occurred in 2007. However, even if the claim is not prescribed, the mere fact that a prisoner is confined in overcrowded conditions does not in and of itself amount to a constitutional deprivation. See, e.g., Castillo v. Cameron County, Texas, 238 F.3d 339, 354 (5th Cir. 2001); Kelly v. Gusman, Civ. Action No. 07-611, 2007 WL 2007992, at *3 (E.D. La. July 5, 2007).

## Conditions of Confinement

Plaintiff next states in conclusory fashion that the House of Detention is "old" and "unsanitary." Even if this claim is not prescribed, which is by no means clear, plaintiff's allegations are insufficient to state a constitutional claim. Admittedly, there is a point beyond which a prison cell's conditions are so filthy and unsanitary as to render them unconstitutional. See, e.g., Gates v. Cook, 376 F.3d 323, 338 (5th Cir. 2004) (confinement in "'extremely filthy' [cells] with crusted fecal matter, urine, dried ejaculate, peeling and chipping paint, and old food particles on the walls" was unconstitutional). However, plaintiff makes no factual, non-conclusory allegations whatsoever indicating that the conditions of his cell reached such an unconstitutional level. Simply because his cell was unpleasant or less sanitary than he would have liked did not render the conditions

---

[3] "A court may take judicial notice of related proceedings and records in cases before the same court." MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985).

unconstitutional. See Talib v. Gilley, 138 F.3d 211, 215 (5th Cir. 1998) ("[T]he Constitution does not mandate prisons with comfortable surroundings or commodious conditions.").

Remaining "Allegations"

Plaintiff's complaint also includes two pages which contain nothing more than an unexplained list of unrelated legal terms and phrases. If plaintiff meant that rambling list as an additional claim or claims, it is clearly insufficient. As the United States Supreme Court recently reiterated:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." ... [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations, quotation marks, and brackets omitted).

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous, malicious, and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twelfth day of June, 2009.

                                            **DANIEL E. KNOWLES, III**
                                            **UNITED STATES MAGISTRATE JUDGE**